IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEIBYS MERCEDES, | ) | |
| | ) | CIVIL ACTION NO. 3:23-cv-216 |
| Petitioner, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| WARDEN MICHAEL UNDERWOOD, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

This matter was referred to Magistrate Judge Cynthia Reed Eddy (the "Magistrate Judge") for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

On September 15, 2023, Petitioner Leibys Mercedes's ("Mr. Mercedes") Petition "Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus by a Person In Federal Custody" was placed on the docket. (ECF No. 5). In that Petition, Mr. Mercedes seeks two pieces of relief. (*Id.* at 10). First, he requests restoration of forty-one (41) days of "Good Conduct Time[.]" (*Id.*). Second, he requests the "vacatur of [a] guilty finding" that was entered against him on January 4, 2023. (*Id.* at 4, 10).

On November 15, 2023, Respondent Warden Michael Underwood ("Mr. Underwood") submitted documentation indicating that the Federal Bureau of Prisons (the "BOP") has: (1) expunged and removed from Mr. Mercedes's discipline history his "Incident Report" pertaining

to the January 4, 2023, guilty finding and (2) restored Mr. Mercedes's Good Conduct Time of forty-one (41) days. (*See* ECF No. 10).

On November 21, 2023, the Magistrate Judge submitted a Report and Recommendation stating that, in light of Mr. Underwood's submission at ECF No. 10, Mr. Mercedes's "petition [should] be dismissed as moot and this case closed." (ECF No. 11 at 1). Further, the Magistrate Judge noted that any "party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge" within the timeframe set forth within the Report and Recommendation. (*Id.* at 3).

Neither party has filed Objections to the Report and Recommendation, and the timeframe for doing so has passed.

Therefore, upon review of the Record and the Report and Recommendation under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017) (standard of review when no timely objections are filed), the Court accepts in whole the findings and conclusions of the Magistrate Judge in this matter. Indeed, it appears to the Court that Mr. Mercedes has been provided with all of the relief that he seeks in his Petition, rendering that Petition moot. *Cf. Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) ("Article III of the Constitution limits federal judicial Power to the adjudication of 'Cases' or 'Controversies.' For a case or controversy to exist, a petitioner, throughout each stage of the litigation, must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. As a result, a habeas corpus petition

generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought.") (cleaned up).

Accordingly, the Court enters the following order:

**AND NOW**, this ___27th___ day of December, 2023, **IT IS HEREBY ORDERED** that Petitioner Leibys Mercedes's Petition "Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus By a Person In Federal Custody[,]" (ECF No. 5), is **DISMISSED WITH PREJUDICE AS MOOT** for the reasons stated in the Report and Recommendation at ECF No. 11 and those outlined above.

**IT IS FURTHER ORDERED** that the Report and Recommendation at ECF No. 11 is adopted as the opinion of the Court for its reasoning and conclusions. The Court need not address the issue of a certificate of appealability, and the Clerk shall mark this case closed. *DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005) ("Accordingly, [Petitioner] must proceed under § 2254, not § 2241, and he must obtain a [certificate of appealability] under § 2252(c) before we can consider his appeal."); *see also* 28 U.S.C. § 2253(c)(1) ("Unless a circuit judge or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process *issued by a State court*; or (B) the final order in a proceeding under *section 2255*.") (emphasis added).

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

**Notice by U.S. mail to:**

Leibys Mercedes
24547-050
Loretto Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Cresson, PA 16630